UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 24-cr- |
| v. | VIOLATION:<br>18 U.S.C. § 371 |
| FREDERICK DA SILVA,<br><br>Defendant. | FORFEITURE<br>18 U.S.C. § 981(a)(1)(C),<br>28 U.S.C. § 2461(c), and<br>21 U.S.C. § 853(p) |

## INFORMATION

The United States charges that:

### Background

At times relevant to this Information:

1. **FREDERICK DA SILVA** was a citizen of Canada who resided in Canada.

2. Co-Conspirator-1 ("CC-1") was a U.S. citizen who resided in Michigan.

3. Co-Conspirator-2 ("CC-2") was a citizen of Canada who resided in Canada.

4. Co-Conspirator-3 ("CC-3") was a citizen of Canada who resided in Turkey.

5. Minerco, Inc. traded publicly under the stock symbol MINE in the Over-the-Counter-Markets ("OTC") as a penny stock. Minerco was promoted as being in the business of developing and distributing psilocybin mushrooms, also known as magic mushrooms or psychedelic mushrooms.

1

## COUNT ONE
## Conspiracy
## (18 U.S.C. § 371)

6. From at least in or around September 2020 through at least in or around May 2024, in the United States, and elsewhere, the defendant **FREDERICK DA SILVA** and others did knowingly and intentionally, that is, with the intent to advance the conspiracy, combine, conspire, and agree with other individuals, known and unknown, to commit certain offenses against the United States, namely:

(a) international concealment money laundering, that is, to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, all in violation of 18 U.S.C. § 1956(a)(2)(B)(i); and

(b) engaging in monetary transactions in property derived from specified unlawful activity, that is, to knowingly engage in a monetary transaction affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, all in violation of 18 U.S.C. § 1957.

Object of the Conspiracy

7. It was the object of the conspiracy for **FREDERICK DA SILVA**, and his co-conspirators, including Co-Conspirator-1, 2, and 3, to unlawfully enrich themselves by laundering the proceeds of the sale of one billion Minerco shares, to conceal the nature, location, source, ownership, or control of the proceeds, and to prevent detection of the laundering activity.

Manner and Means

8.  The manner and means by which **FREDERICK DA SILVA**, and his co-conspirators, known and unknown, sought to accomplish the object of the conspiracy included, among other things, the following:

(a)  **FREDERICK DA SILVA** and his co-conspirators agreed to share in the proceeds from the sale of Minerco shares.

(b)  Between on or about February 10, 2021 and May 26, 2021, **FREDERICK DA SILVA** and his co-conspirators worked together to successfully sell approximately 928 million Minerco shares at a financial institution headquartered in the Bahamas.

(c)  **FREDERICK DA SILVA** and his co-conspirators laundered approximately $7 million from the sale of the Minerco shares.

Overt Acts

9.  In furtherance of the conspiracy and to accomplish its objects, at least one co-conspirator committed at least one overt act in the United States. For example, on or about February 12, 2021, Co-Conspirator 1 texted the following stock trading instructions to **FREDERICK DA SILVA**: "Let's hold [the shares] for the first 2hrs. So it can breath[e]."

(In violation 18 U.S.C. § 371)

**FORFEITURE ALLEGATIONS**

10.  The allegations contained in paragraphs 1-9 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

11.  Upon conviction of Count One of this Information, the defendant, **FREDERICK DA SILVA**, shall forfeit to the United States any property, real or personal, which constitutes or

is derived from proceeds traceable to the offense alleged in Count One, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c). The property to be forfeited includes, but is not limited to, the following:

    a. All cash, cryptocurrency, or any other thing of value in an Alt 5 Sigma account in the name of Frederick Da Silva;

    b. $48,657.00 held in an attorney trust account ending in account numbers 0386 on behalf of Frederick Da Silva;

    c. Money judgment equal to the value of the proceeds traceable to Count One.

12. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p))**

                                        GLENN S. LEON
                                        Chief, Fraud Section

By:    */s/ Kyle Crawford*
        KYLE CRAWFORD
        D.C. Bar Number 888241455
        Trial Attorney, Fraud Section
        U.S. Department of Justice
        1400 New York Ave., N.W.
        Washington, D.C. 20005
        (202) 794-4010
        kyle.crawford@usdoj.gov

August 9, 2024